IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RACHAEL FOREST                                                                                    PLAINTIFF

V.                                          NO. 14-5082

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rachael Forest, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed her applications for DIB and SSI on October 3, 2007, alleging disability since May 25, 2007, due to COPD and back problems (cervical and lumbar radiculopathy). (Tr. 285-290, 370). On July 19, 2010, the ALJ issued an unfavorable decision. (Tr. 111-126). On May 25, 2011, the Appeals Council entered an Order remanding the case to the ALJ, with certain directions. (Tr. 127-130). An administrative hearing was held before the ALJ on June 28, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 35-66).

By written decision dated September 7, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

degenerative disk disease, cervical radiculopathy, bilateral carpal tunnel syndrome, chronic obstructive pulmonary disease (COPD), morbid obesity, depression and anxiety. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant can occasionally do overhead work bilaterally and can only occasionally do rapid and repetitive flexion and extension of the wrists. She must avoid concentrated exposure to pulmonary irritants. In addition, the claimant can understand, remember and carry out simple, routine and repetitive tasks.  She can respond to usual work situations and ordinary work changes as well as to supervision that is simple, direct and concrete. Furthermore, the claimant can only occasionally interact with supervisors, coworkers and the public.

(Tr. 10).  With the help of a vocational expert (VE), the ALJ determined Plaintiff was not capable of performing her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as small product assembler; small production machine operator; and small product inspector. (Tr. 24-25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on January 17, 2014. (Tr. 1-6).  Subsequently, Plaintiff filed this action. (Doc. 1).  The case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11-13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

For the reasons explained herein, the Court believes the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT). The ALJ's RFC determination provides, *inter alia*, that Plaintiff can "occasionally do overhead work bilaterally and can only occasionally do rapid and repetitive flexion and extension of the wrists." (Tr. 19).  After presenting the hypothetical question to the VE, which included this limitation, and asking the VE to identify jobs that Plaintiff would be able to perform, the VE responded as follows:

> A:  Yes, sir.  Let me make sure I got this right.  You said occasional overhead work and occasional rapid, repetitive flexion of the wrists?
>
> Q:  Flexion/extension of the wrists?
>
> A: Flexion/extension.  Okay. Occasional and the job descriptions in the DOT doesn't talk about flexion of the wrist, but let's see. Well, you said occasional rapid. Okay. I'm sorry.
>
> CLMT:  I'm just going to stand up for a minute.

>ALJ: Sure. Go ahead.
>
>VE: Okay. I'm sorry. A person could be a small product assembler. An example DOT number would be 706.685-030. … Could be a small production machine operator. Example DOT would be 732.587-010. … Individual could be a small produce inspector. An example would be 739.687-182. …

(Tr. 63-64).

The Court first notes that the first DOT number provided by the VE – DOT 706.685-030 - does not exist. The ALJ apparently recognized this, because in his decision, he identified it as DOT 706.684-030 – Atomizer Assembler. This job, as well as the other two jobs identified by the VE – golf-ball trimmer and table worker – all require frequent reaching, according to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). Consequently, there is a conflict between the DOT and the VE's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs which the SCO said required frequent reaching).

When an apparent conflict between the DOT and VE testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014). In this case, the ALJ did ask the VE to explain if any of his responses were inconsistent with the DOT, to which the VE responded that he would. (Tr. 63). It is not clear whether the VE recognized the possible conflict between the hypothetical

5

and the positions he identified, and no explanation for the conflict was offered at the hearing. Although in his decision, the ALJ stated that he determined the VE's testimony was consistent with the information contained in the DOT (Tr. 25), there is no indication that he was aware of the conflict or how he made such a determination. The Court therefore believes this failure to resolve the conflict is reversible error. See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark., Jan. 15, 2015).

**IV.     Conclusion:**

Accordingly, the Court concludes the ALJ's decision is not supported by substantial evidence, and therefore, the matter should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

ORDERED this 23rd day of June, 2015.

/s/ *Erin L. Setser*
    HON. ERIN L. SETSER
    UNITED STATES MAGISTRATE JUDGE